1

2

3

4

5              UNITED STATES DISTRICT COURT

6              EASTERN DISTRICT OF CALIFORNIA

7

8    UNITED STATES OF AMERICA,              CASE NO. 1:10-CR-0150 AWI

9              Plaintiff                    ORDER REGARDING ELISABETH
                                            ANN BOSSINGHAM'S MOTION FOR
10   v.                                     RECONSIDERATION AND SENTENCE
                                            MODIFICATION
11   BRETT ALLEN BOSSINGHAM and
     ELISABETH ANN BOSSINGHAM,
12
              Defendants
13

14

15         On April 15, 2010, Petitioner Elisabeth Ann Bossingham and her husband, Brett Allen

16   Bossingham, were initially indicted on the charge of attempting to evade payment of federal taxes.

17   Doc. 1.  Petitioner and her husband had difficulty on procuring legal counsel for their defense.

18   See, e.g. Docs. 50, 56, and 61.  On April 15, 2011, for the legal representation of both Petitioner

19   and her husband, the court approved the pro hac vice application of Gary Fielder (Colorado

20   attorney) with Peter Gibbons (Fresno attorney) available for service and communication. Doc. 93.

21   On December 13, 2011, the court approved the attorneys' motion to withdraw. Doc. 137.  From

22   that point on, Petitioner and her husband represented themselves.  A jury trial in this criminal case

23   was held February 7-9, 2012. Docs. 159, 160, and 162.  Petitioner and her husband were both

24   convicted of conspiracy and multiple counts of attempting to evade payment of federal taxes. Doc.

25   164.  On April 30, 2012, Petitioner was sentenced to 51 months of custody and 36 months of

26   supervised release. Doc. 190.  Petitioner filed an appeal. Doc. 197.  On September 5, 2012, the

27   Ninth Circuit dismissed Petitioner's appeal for failure to comply with a court order requiring

28   Petitioner to either retain legal counsel or request leave to proceed without counsel. Doc. 203.

On June 16, 2014 (with signature dated June 11, 2014), Petitioner filed an application with the Ninth Circuit for leave to file a second or successive habeas petition under 28 U.S.C. § 2255; included in her filing was an explanation for her substantive claims: ineffective assistance of counsel and defect in the Fed. Rule Civ. Proc. 11. Ninth Circuit Case No. 14-71669, Doc. 1-2. The Ninth Circuit dismissed the application, noting that Petitioner had not yet filed a first habeas petition. Ninth Circuit Case No. 14-71669, Doc. 2. Petitioner simultaneously filed the present "MOTION FOR RECONSIDERATION AND AFFIDAVIT OF ELIZABETH ANN BOSSINGHAM FOR SENTENCE MODIFICATION" in which she states "4. It is respectfully urged that any further investigation by this Court would disclose that this is a proper case in which the Courts discretion should be exercised to terminate the remaining sentence of approximately 12 months of the Defendants custodial sentence and allow the Defendant to complete the remaining 12 months on Home Detention with the appropriate agency supervision, followed by supervised probation as previously ordered of three years." Doc. 213, at 1. The court interprets Petitioner's reconsideration motion to be a Section 2255 habeas petition. In the filing with this court, Petitioner does not make clear what the basis for relief is:

> "2. My conduct has remained clear since my commitment to Bureau of Prisons on April 30, 2012.
> 3. In addition to my unblemished record since my commit, I have given every indication of reformation and correction afforded me by the Bureau of Prisons.
> ...
> 5. It must be acknowledged that the acts for which defendant was sentenced were the acts of co-defendant, BRETT ALLEN BOSSINGHAM, who solely drove the case and controlled all defense strategy, sans any legal representation. The modern family of the Defendant and co-defendant was one of complete role reversal. The Defendant was a well respected physician who owned and operated a 4,000 patient population based professional corporation. The co-defendant husband was the office manager in charge of all bookkeeping, taxes, and all household responsibilities. As is the case in any busy profession, the Defendant was consumed with patient care and management, even long after regular business hours. All financial chores, professional and personal, i.e. taxes, were dealt with perfunctorily with complete reliance and trust placed in the co-defendant husband. Compliance with tax filing was expected but it is believed that the co-defendant erred in repeatedly turning to the same individuals for help and correction, or stubbornly explored additional schemes, nonetheless."

Doc. 213, at 1. In another part of the filing, Petitioner states "11. By this affidavit, ELISABETH ANN BOSSINGHAM, hereby encloses June 2, 2014 letter by Peter Gibbons, Esq. [attachment 5] as it is germane evidence to Ineffective Assistance of Counsel in the Federal Case 1:10-cr-00150-

1   AWI-002 with Certificate of Appealability requested of the U.S. Court of Appeals, Ninth Circuit

2   Case 14-71669." Doc. 213, at 5.  This court interprets Petitioner's filing with the Ninth Circuit

3   (concerning ineffective assistance of counsel and defect in Fed. Rule Civ. Proc. 11) to constitute

4   the habeas petition.

5          Petitioner's Section 2255 habeas petition appears to be untimely.  Section 2255 contains a

6   one year statute of limitations in which to file a petition to vacate, set aside, or correct which runs

7   from the latest of: "(1) the date on which the judgment of conviction becomes final; (2) the date on

8   which the impediment to making a motion created by governmental action in violation of [federal

9   law] is removed, if the movant was prevented from making a motion by such governmental action;

10  (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right

11  has been newly recognized by the Supreme Court and made retroactively applicable to cases on

12  collateral review; or (4) the date on which the facts supporting the claim or claims presented could

13  have been discovered through the exercise of due diligence."  28 U.S.C. § 2255(f).  Generally,

14  "[f]inality attaches when the Supreme Court affirms a conviction on the merits on direct review or

15  denies a petition for a writ of certiorari, or when the time for filing a certiorari petition expires."

16  United States v. Buckles, 647 F.3d 883, 887 (9th Cir. 2011).  A party has ninety days from the

17  date of entry of judgment by the Circuit Court to seek certiorari with the United States Supreme

18  Court. See Sup.Ct. R. 13.1.

19         In this case, Petitioner initially filed her habeas in the wrong court.  If the petition could

20  have been transferred under 28 U.S.C. § 1631, then treating the initial filing as the basis for

21  calculating statute of limitations timeliness is proper. See United States v. McNeill, 523 Fed.

22  Appx. 979, 982-84 (4th Cir. 2013).  Reading the circumstances generously, this court will use the

23  mailing (under the mailbox rule articulated in Houston v. Lack, 487 U.S. 266 (1988)) of the

24  request for leave to file a second successive habeas petition as the relevant date.  The document

25  was received by the Ninth Circuit on June 16 and docketed June 17, 2014. Ninth Circuit Case No.

26  14-71669, Doc. 1-2, at 2.  Petitioner included a proof of service form that indicates she sent the

27  materials out on June 11, 2014. Ninth Circuit Case No. 14-71669, Doc. 1-2, at 14.  Based on the

28  evidence at hand, the court will use June 11, 2014 as Petitioner's filing date for statute of

1  limitations.

2          In the underlying criminal case, Petitioner did file an appeal with the Ninth Circuit.  The

3  Ninth Circuit dismissed her appeal on September 5, 2012. Doc. 203.  She did not seek to appeal to

4  the U.S. Supreme Court so her conviction became final on December 5, 2012.  Petitioner had one

5  year later, until December 5, 2013, to file a habeas petition.  Her petition is untimely by this

6  calculation.

7          Petitioner also claims that new U.S. Supreme Court precedent, United States v. Davila, 133

8  S. Ct. 2139 (2013) issued June 13, 2013, stated a new rule of law which may justify an new one

9  year limitations period. Ninth Circuit Case No. 14-71669, Doc. 1-2, at 6 and 8.  Petitioner sent out

10  her habeas request on June 11, 2014, within one year of the issuance of Davila.  In that case, the

11  U.S. Supreme Court found that a violation of in Fed. Rule Crim. Proc. 11(c)(1) which forbids

12  courts from taking part in plea negotiations is subject to harmless error analysis under Fed. Rule

13  Crim. Proc. 11(h). United States v. Davila, 133 S. Ct. 2139, 2143 (2013).  This ruling opinion does

14  not reopen a one year limitations period for Petitioner for two reasons: the holding does not set out

15  a newly recognized right that was made retroactively applicable to collateral review and it does

16  not have any application to Petitioner's case.  Davila is a relatively straightforward application of

17  well-established rules; the only new ground established is the determination that harmless error

18  analysis applies, overruling older lower court precedent that found judicial participation in plea

19  negotiations a per se violation that mandates setting aside a guilty plea. United States v. Davila,

20  133 S. Ct. 2139, 2146 n.2 (2013).  This is not a new right made applicable retroactively.

21          On the merits, Petitioner raises two grounds for habeas relief: ineffective assistance of

22  counsel and Rule 11 error.  Nothing in Davila speaks to ineffective assistance of counsel.

23  Petitioner's Rule 11 claim is not altogether clear: "The defendant contends that the MOST basic

24  instruction is verifying and documenting that a defendant did, in fact, receive counsel to make

25  allocution in pleading guilty. There appears to be no provision or amendment that mandates this

26  required right to counsel in making a guilty plea at the PLEA bargaining stage. There was no

27  hearing and, because no hearing occurred, neither was the defendant told by the judge, in violation

28  of Rule 11(c)(3) that she had 'the right to the assistance of counsel' even after she terminated her

first two attorneys for 'just cause,' and was forced to go to trial." Ninth Circuit Case No. 14-71669, Doc. 1-2, at 6.  Fed. Rule Crim. Proc. 11(c)(3) governs judicial consideration of plea agreements and does not require a court to inform a defendant of any right to the assistance of counsel.  Fed. Rule Crim. Proc. 11(b)(1)(D) does require that before a guilty plea is accepted, the court must inform a defendant of his/her right to assistance of counsel at trial.  In Petitioner's criminal case, she did not plead guilty and was convicted after a jury trial.  Thus, the requirements of Rule 11(b)(1)(D) does not apply to her case.  Nothing in <u>Davila</u> is applicable to Petitioner's claim.

Even if the one year limitations period has run, a petitioner may be entitled to equitable tolling: "A § 2255 movant is entitled to equitable tolling only if he shows:  (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." <u>United States v. Buckles</u>, 647 F.3d 883, 887 (9th Cir. 2011).  "The petitioner must additionally show that the extraordinary circumstances were the cause of his untimeliness and that the extraordinary circumstances made it impossible to file a petition on time." <u>Ramirez v. Yates</u>, 571 F.3d 993, 997 (9th Cir. 2009), citations omitted.  A petitioner must provide specific facts regarding what was done to pursue the petitioner's claims to demonstrate the diligence required for equitable tolling. <u>Roy v. Lampert</u>, 465 F.3d 964, 973 (9th Cir. 2006). Conclusional allegations are generally inadequate. <u>Williams v. Dexter</u>, 649 F.Supp.2d 1055, 1061-62 (C.D. Cal. 2009).  When a court raises the issue of statute of limitations sua sponte, a petitioner must be given notice and an opportunity to respond before a habeas petition is dismissed. <u>Herbst v. Cook</u>, 260 F.3d 1039, 1043-44 (9th Cir. 2001).


Accordingly, IT IS ORDERED

1) The Clerk of the Court is directed to serve Petitioner with a paper copy of this order.

2) Not later than forty (40) days from the date of service of this order, Petitioner shall file a factually detailed response along with any documentation supporting her entitlement to equitable tolling, as described above.

3) Petitioner's failure to comply with this order or failure to show entitlement to equitable

1  tolling will result in dismissal.

2

3  IT IS SO ORDERED.

4  Dated:  __August 22, 2014__          _____

5                                        SENIOR  DISTRICT  JUDGE

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28