# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | **CASE NO. 1:10-CR-0150 AWI** |
| **Plaintiff** | **ORDER RE: PETITIONER'S REQUEST FOR ISSUANCE OF SUBPOENA** |
| **v.** | |
| **BRETT ALLEN BOSSINGHAM and ELISABETH ANN BOSSINGHAM,** | |
| **Defendants** | |

On April 15, 2010, Petitioner Elisabeth Ann Bossingham and her husband, Brett Allen Bossingham, were initially indicted on the charge of attempting to evade payment of federal taxes. Doc. 1. On April 15, 2011, for the legal representation of both Petitioner and her husband, the court approved the pro hac vice application of Gary Fielder (Colorado attorney) with Peter Gibbons (Fresno attorney) available for service and communication. Doc. 93. On December 13, 2011, the court approved the attorneys' motion to withdraw. Doc. 137. From that point on, Petitioner and her husband represented themselves. A jury trial in this criminal case was held February 7-9, 2012. Docs. 159, 160, and 162. Petitioner and her husband were both convicted of conspiracy and multiple counts of attempting to evade payment of federal taxes. Doc. 164. On April 30, 2012, Petitioner was sentenced to 51 months of custody and 36 months of supervised release. Doc. 190. Petitioner filed an appeal which was dismissed on September 5, 2012. Doc. 197 and 203. On June 16, 2014 (with signature dated June 11, 2014), Petitioner filed an application with the Ninth Circuit for leave to file a second or successive habeas petition under 28 U.S.C. § 2255; included in her filing was an explanation for her substantive claims: ineffective assistance of counsel and defect in the Fed. Rule Crim. Proc. 11. Ninth Circuit Case No. 14-

71669, Doc. 1-2.  This was followed by a habeas petition filed in this court. Doc. 213.  Upon preliminary review, it was determined that Petitioner's habeas corpus petition appeared to be untimely; Petitioner was granted the opportunity to make a further filing to establish the applicability of equitable tolling. Doc. 214.

Petitioner now seeks to have the court issue a subpoena to Peter Gibbons requiring him to produce all materials related to her case. Doc. 216.  However, there is no legal basis for her to obtain the subpoena.  Petitioner's criminal case is closed.  Thus, she may not use the provisions of Fed. Rule Crim. Proc. 17 to conduct discovery. Cf. Niemeyer v. Ford Motor Co., 2012 U.S. Dist. LEXIS 181058, *3 (D. Nev. Dec. 20, 2012) (dealing with a civil case, "There is no pending action, [Fed. Rule Civ. Proc.] 45 does not apply, and there are no issues remaining to which the information sought in the subpoena might be relevant").  As for relying on her habeas corpus petition, discovery is only allowed after a party has obtained permission from the court. See Section 2255 Proceedings Rule 6.  Petitioner has neither sought nor received such permission.  Even if the court were to interpret her filing as a request for discovery under Rule 6, the request would be denied.  Peter Gibbons represented Petitioner for a period of time before she went to trial; he did not represent Petitioner in her appeal or habeas petition.  Petitioner's filings have given rise to no implication that anything in Peter Gibbons's records would be relevant to the question of equitable tolling.

Petitioner's request to have a deposition subpoena issued is DENIED.

IT IS SO ORDERED.

Dated:   September 12, 2014                         _____
                                                     SENIOR DISTRICT JUDGE