1

2

3

4

5       **UNITED STATES DISTRICT COURT**

6       **EASTERN DISTRICT OF CALIFORNIA**

7

8    **UNITED STATES OF AMERICA,**          **CASE NO. 1:10-CR-0150 AWI**

9             **Plaintiff**               **ORDER RE: ELISABETH ANN**
                                          **BOSSINGHAM'S 28 U.S.C. § 2255**
10           **v.**                       **HABEAS CORPUS PETITION**

11   **BRETT ALLEN BOSSINGHAM and**
     **ELISABETH ANN BOSSINGHAM,**        **(Docs. 219, 220, and 222)**
12
             **Defendants**
13

14                              **I. Background**

15           On April 15, 2010, Petitioner Elisabeth Ann Bossingham and her husband, Brett Allen

16   Bossingham, were initially indicted on the charge of attempting to evade payment of federal taxes.

17   Doc. 1.  Petitioner and her husband had difficulty on procuring legal counsel for their defense.

18   See, e.g. Docs. 50, 56, and 61.  On April 15, 2011, for the legal representation of both Petitioner

19   and her husband, the court approved the pro hac vice application of Gary Fielder (Colorado

20   attorney) with Peter Gibbons (Fresno attorney) available for service and communication. Doc. 93.

21   On December 13, 2011, the court approved the attorneys' motion to withdraw. Doc. 137.  From

22   that point on, Petitioner and her husband represented themselves.  A jury trial in this criminal case

23   was held February 7-9, 2012. Docs. 159, 160, and 162.  Petitioner and her husband were both

24   convicted of conspiracy and multiple counts of attempting to evade payment of federal taxes. Doc.

25   164.  On April 30, 2012, Petitioner was sentenced to 51 months of custody and 36 months of

26   supervised release. Doc. 190.  Petitioner filed an appeal. Doc. 197.  On September 5, 2012, the

27   Ninth Circuit dismissed Petitioner's appeal for failure to comply with a court order requiring

28   Petitioner to either retain legal counsel or request leave to proceed without counsel. Doc. 203.

Petitioner's conviction became final on December 5, 2012.  Under the Antiterrorism and Effective Death Penalty Act of 1996, a one year statute of limitations applies for habeas corpus petitions under 28 U.S.C. § 2255.  December 5, 2013 would have been the last date for timely filing of such a petition.

On June 16, 2014 (with signature dated June 11, 2014), Petitioner filed an application with the Ninth Circuit for leave to file a second or successive habeas petition under Section 2255; included in her filing was an explanation for her substantive claims: ineffective assistance of counsel and defect in the Fed. Rule Crim. Proc. 11. Ninth Circuit Case No. 14-71669, Doc. 1-2. The Ninth Circuit dismissed the application, noting that Petitioner had not yet filed a first habeas petition.  Ninth Circuit Case No. 14-71669, Doc. 2.  Petitioner filed in this court a document entitled "MOTION FOR RECONSIDERATION AND AFFIDAVIT OF ELIZABETH ANN BOSSINGHAM FOR SENTENCE MODIFICATION" in which she states "4.  It is respectfully urged that any further investigation by this Court would disclose that this is a proper case in which the Courts discretion should be exercised to terminate the remaining sentence of approximately 12 months of the Defendants custodial sentence and allow the Defendant to complete the remaining 12 months on Home Detention with the appropriate agency supervision, followed by supervised probation as previously ordered of three years." Doc. 213, at 1.  The court interpreted Petitioner's filing to be a Section 2255 habeas corpus petition and concluded that the petition was untimely; Petitioner was given an opportunity to provide a factually detailed response along with any documentation supporting application of equitable tolling. Doc. 214.  Petitioner has made three filings on this issue. Docs. 219, 220, and 222.


## II. Legal Standard

"A § 2255 movant is entitled to equitable tolling only if he shows: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." United States v. Buckles, 647 F.3d 883, 887 (9th Cir. 2011).  "The petitioner must additionally show that the extraordinary circumstances were the cause of his untimeliness and that the extraordinary circumstances made it impossible to file a petition on

time." Ramirez v. Yates, 571 F.3d 993, 997 (9th Cir. 2009), citations omitted.  A petitioner must provide specific facts regarding what was done to pursue the petitioner's claims to demonstrate the diligence required for equitable tolling. Roy v. Lampert, 465 F.3d 964, 973 (9th Cir. 2006). Conclusional allegations are generally inadequate. Williams v. Dexter, 649 F.Supp.2d 1055, 1061-62 (C.D. Cal. 2009).

## III. Discussion

### A. Equitable Tolling

Petitioner argues:

Justification For Equitable Tolling: U.S. v. Davila speaks to real or perceived ineffective assistance of counsel at the plea bargaining stage and harmless error in judicial involvement to assist public defender in helping defendant see that making a guilty plea through acceptance of a plea bargain was in his best interest.  Attorney accountability in performance to provide Sixth Amendment right to counsel in making a guilty plea is essential, thus intersecting with Rule 11 and is at the core of proper plea execution whether at hearings, arraignment, or informally outside of the Court.  A timeline has been provided showing diligent pursuit of rights, full reform and correction.  Despite this, professional misconduct and constructive abandonment deserve equitable tolling and therefore, timeless compelling review.

Doc. 219, at 20.   With regards to the second prong of equitable tolling (extraordinary circumstance), Petitioner raises issues of professional misconduct and constructive abandonment. She lists them as:

1. Conflict of Interest in Joint Representation-Failure to communicate and advocate defendant independently, and separately, from her co-defendant husband.
2. Failure to communicate government's offer [when] it was 'on the table.'
3. Failure to enter plea bargaining negotiations.
4. Failure to communicate and inform defendant to intelligently be able to understand all aspects of the plea offer and direct consequences of making a guilty plea in a plea agreement.
5. Failure to investigate quickly so as to facilitate plea bargaining.
6. Failure to advise defendant to enter into a plea bargain when it was clearly in defendant's best interest.
7. Acted unprofessionally in 'rejecting' a plea offer, by not informing defendant of the plea offer, ever.
8. Failure to provide plea bargaining opportunity and, in fact, blocked defendant from that opportunity through constructive abandonment.
9. Acting unprofessionally through breach of fiduciary duty and with conflicts of interest in other cases and legal matters.
10. Failure to consider other viable defense strategies, such as plea bargaining or making a guilty plea, when the Bill of Particulars was denied and, thus, forcing the defendant towards trial.

11. Failure to actively engage in counsel of the defendant at arraignment on the second superseding indictment where she could have made a guilty plea, thus avoiding further progression towards trial, unnecessarily.

12. Acting unprofessionally entertaining a high risk, non-statutory strategy of more culpable co-defendant husband that jeopardized defendant and allowed attorney to disengage from his responsibilities to the defendant, fostering a state of abandonment and throwing all parties into sever and irreparable conflict.

13. By constructive abandonment, there was complete failure to defend and advocate for defendant causing her to proceed to trial, unnecessarily, where she was convicted on the more serious charge of conspiracy and received a more sever sentence.

Doc. 219, at 28-29.  In sum, Petitioner alleges that counsel never told her about the plea deal offered and represented both defendants in this case though their legal positions conflicted.

Petitioner argues that these problems constitute "unprofessional conduct on the part of both attorney Peter Gibbons and Gary Fielder which count as 'extraordinary circumstance' justifying equitable tolling. Holland v. Florida [560 U.S. 631, 130 S. Ct. 2549 (2010)]." Doc. 219, at 60. Holland does state that "Several lower courts have specifically held that unprofessional attorney conduct may, in certain circumstances prove 'egregious' and can be 'extraordinary.'" Holland v. Florida, 560 U.S. 631, 651 (2010).  The facts of this case do not qualify.  Unprofessional conduct can constitute extraordinary circumstance when it occurs post-conviction and works to prevent a petitioner from making a timely filing. See Spitsyn v. Moore, 345 F.3d 796, 801 (9th Cir. 2003) ("Though he was hired nearly a full year in advance of the deadline, Huffhines completely failed to prepare and file a petition. Spitsyn and his mother contacted Huffhines numerous times, by telephone and in writing, seeking action, but these efforts proved fruitless. Furthermore, despite a request that he return Spitsyn's file, Huffhines retained it for the duration of the limitations period and more than two months beyond"); Calderon v. United States Dist. Court, 128 F.3d 1283, 1289 (9th Cir. 1997) ("Beeler's lead counsel, Scott Braden, had diligently pursued the preparation of Beeler's petition. Braden, however, withdrew after accepting employment in another state, and much of the work product he left behind was not usable by replacement counsel - a turn of events over which Beeler had no control"); United States v. Martin, 408 F.3d 1089, 1095 (8th Cir. 2005) ("Lasko specifically told Martin time and again that there was no deadline, and that those who told him otherwise were wrong. Thereafter, Lasko intimated that relief was forthcoming. Martin and his wife sought more information, but Lasko either ignored them or perpetuated further lies that

1    Martin's documents had already been filed, going so far as to impugn the court's docket system

2    rather than admit the truth"); Baldayaque v. United States, 338 F.3d 145 (2nd Cir. 2003) ("In spite

3    of being specifically directed by his client's representatives to file a '2255,' Weinstein failed to file

4    such a petition at all"); see also Nara v. Frank, 264 F.3d 310, 320 (3rd Cir. 2001) (potential

5    extraordinary circumstances based on "Nara's contention that his attorney in the third PCRA [state

6    habeas petition] proceeding (in which the PCRA petition was withdrawn in favor of the motion to

7    withdraw Nara's guilty plea) effectively abandoned him and prevented him from filing the habeas

8    petition on time").  The alleged misconduct cited by Petitioner all took place before the trial.

9           Further, these were problems that Petitioner was aware of before her conviction.  In a letter

10   dated April 20, 2014, Petitioner wrote that "before we went to trial without counsel, Brett told me

11   that there was a plea offer but that was the only communication with me....I remember coming

12   home one night and was, literally, standing in the dark at the entrance of our bedroom when Brett

13   told me briefly about the plea deal offered.  Neither lawyer discussed anything with me by phone

14   or email, or by any other means at ANY time!  This is glaring professional misconduct." Ninth

15   Circuit Case No. 14-71669, Doc. 1-2, at 9 of 19.  Petitioner also provides a declaration in which

16   she states "When there was clear conflict of interest between the two attorneys and conflict of

17   defendant culpability and defense strategies between defendants, it was decided to terminate both

18   attorneys.  Both lawyers were terminated for 'just cause,' for a lapsed plea offer and because all

19   trust was gone." Doc. 219, at 57.  Petitioner specifically cites these issues as the basis for firing

20   her attorneys and proceeding pro se.  These alleged deficiencies might constitute extraordinary

21   circumstances if they had been hidden from Petitioner, but those are not the facts of this case.

22   There is no basis for applying equitable estoppel.

23

24   **B. Certificate of Appealability**

25          Unless a circuit justice or district judge issues a certificate of appealability ("COA"), an

26   appeal may not be taken to the court of appeals from a final decision of a district judge in a habeas

27   corpus proceeding. See 28 U.S.C. § 2253(c)(1); Muth v. Fondren, 676 F.3d 815, 818 (9th Cir.

28   2012).  A COA may issue only if the applicant has made a substantial showing of the denial of a

1   constitutional right. See 28 U.S.C. § 2253(c)(2).  "When the district court denies a habeas petition

2   on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA

3   should issue when the prisoner shows, at least, that jurists of reason would find it debatable

4   whether the petition states a valid claim of the denial of a constitutional right and that jurists of

5   reason would find it debatable whether the district court was correct in its procedural ruling."

6   Slack v. McDaniel, 529 U.S. 473, 484 (2000).  The issuance of a COA has been described as a

7   "rare step." Murden v. Artuz, 497 F.3d 178, 199 (2nd Cir. 2008).

8          Here, jurists of reason would not find it debatable that Petitioner has failed to show that

9   application of equitable tolling is warranted.  Accordingly, a COA is denied.

10

11                                    **IV. Order**

12          Petitioner is not entitled to equitable tolling.  Petitioner's writ for habeas corpus is

13   DISMISSED.  The court declines to issue a certificate of appealability.

14

15   IT IS SO ORDERED.

16   Dated:   January 8, 2016          _____

17                                     SENIOR  DISTRICT  JUDGE

18

19

20

21

22

23

24

25

26

27

28