**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | **CASE NO. 1:10-CR-0150 AWI** |
| **Plaintiff** | **ORDER RE: ELISABETH ANN BOSSINGHAM'S MOTION FOR RECONSIDERATION** |
| **v.** | |
| **BRETT ALLEN BOSSINGHAM and ELISABETH ANN BOSSINGHAM,** | **(Doc. 244)** |
| **Defendants** | |

**I. Background**

On April 15, 2010, Petitioner Elisabeth Ann Bossingham and her husband, Brett Allen Bossingham, were initially indicted on the charge of attempting to evade payment of federal taxes. Doc. 1. Petitioner and her husband had difficulty on procuring legal counsel for their defense. See, e.g. Docs. 50, 56, and 61. On April 15, 2011, for the legal representation of both Petitioner and her husband, the court approved the pro hac vice application of Gary Fielder (Colorado attorney) with Peter Gibbons (Fresno attorney) available for service and communication. Doc. 93. Petitioner and her husband became dissatisfied with their legal representation and fired their attorneys. On December 13, 2011, the court approved the attorneys' motion to withdraw. Doc. 137. From that point on, Petitioner and her husband represented themselves. A jury trial in this criminal case was held February 7-9, 2012. Docs. 159, 160, and 162. Petitioner and her husband were both convicted of conspiracy and multiple counts of attempting to evade payment of federal taxes. Doc. 164. On April 30, 2012, Petitioner was sentenced to 51 months of custody and 36 months of supervised release. Doc. 190. Petitioner filed an appeal. Doc. 197. On September 5, 2012, the Ninth Circuit dismissed Petitioner's appeal for failure to comply with a court order

requiring Petitioner to either retain legal counsel or request leave to proceed without counsel. Doc. 203.  Petitioner's conviction became final on December 5, 2012.  Under the Antiterrorism and Effective Death Penalty Act of 1996, a one year statute of limitations applies for habeas corpus petitions under 28 U.S.C. § 2255(f).  December 5, 2013 would have been the last date for timely filing of such a petition.

On June 16, 2014 (with signature dated June 11, 2014), Petitioner filed an application with the Ninth Circuit for leave to file a second or successive habeas petition under Section 2255; included in her filing was an explanation for her substantive claims: ineffective assistance of counsel and defect in the Fed. Rule Crim. Proc. 11. Ninth Circuit Case No. 14-71669, Doc. 1-2. The Ninth Circuit dismissed the application, noting that Petitioner had not yet filed a first habeas petition.  Ninth Circuit Case No. 14-71669, Doc. 2.  Petitioner filed in this court a document entitled "MOTION FOR RECONSIDERATION AND AFFIDAVIT OF ELIZABETH ANN BOSSINGHAM FOR SENTENCE MODIFICATION" in which she states "4.  It is respectfully urged that any further investigation by this Court would disclose that this is a proper case in which the Courts discretion should be exercised to terminate the remaining sentence of approximately 12 months of the Defendants custodial sentence and allow the Defendant to complete the remaining 12 months on Home Detention with the appropriate agency supervision, followed by supervised probation as previously ordered of three years." Doc. 213, at 1.  The substantive claim Petitoiner makes is ineffective assistance of counsel.  The court interpreted Petitioner's filing to be a Section 2255 habeas corpus petition and concluded that the petition was untimely; Petitioner was given an opportunity to provide a factually detailed response along with any documentation supporting application of equitable tolling. Doc. 214.  Petitioner made three filings on this issue. Docs. 219, 220, and 222.  Petitioner's habeas motion was ultimately denied as untimely as she was not entitled to equitable tolling; a certificate of appealability was also denied. Doc. 239.  Petitioner has now filed a motion for reconsideration. Doc. 244.  The motion is treated as a motion for reconsideration under Fed. Rule Civ. Proc. 60(b) as the time for filing a Fed. Rule Civ. Proc. 59(e) motion has passed.

**II. Legal Standard**

"Reconsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law. There may also be other, highly unusual, circumstances warranting reconsideration." School Dist. No. 1J Multnomah County v. ACandS, Inc., 5 F.3d 1255, 1263 (9th Cir. 1993), citations omitted.

**III. Discussion**

Petitioner believes that there was ineffective assistance of counsel in two areas: counsel never told her about the plea deal offered and counsel represented both defendants in this case though their legal positions conflicted. Petitioner's statute of limitations for filing a habeas petition ran out on December 5, 2013, but Petitioner did not make any filing until June 16, 2014. "A § 2255 movant is entitled to equitable tolling only if he shows: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." United States v. Buckles, 647 F.3d 883, 887 (9th Cir. 2011). "The petitioner must additionally show that the extraordinary circumstances were the cause of his untimeliness and that the extraordinary circumstances made it impossible to file a petition on time." Ramirez v. Yates, 571 F.3d 993, 997 (9th Cir. 2009), citations omitted. Petitioner asserts that she has pursued her legal claims diligently and that her counsel's actions constitute extraordinary circumstances. Doc. 219, p.60. Equitable tolling was denied in this case because Petitioner was aware of the facts that constituted the grounds for her habeas petition before her conviction became final. Doc. 239. In particular, Petitioner knew before the trial took place that her attorneys rejected a plea offer on her behalf without discussing it with her; in a letter, Petitioner wrote "before we went to trial without counsel, Brett told me that there was a plea offer but that was the only communication with me....I remember coming home one night and was, literally, standing in the dark at the entrance of our bedroom when Brett told me briefly about the plea deal offered. Neither lawyer discussed anything with me by phone or email, or by any other means at ANY time! This is glaring professional misconduct." Ninth Circuit Case No. 14-71669, Doc. 1-2, at 9 of 19. Additionally,

Petitioner explained the rationale for firing her attorneys before her trial as "When there was clear conflict of interest between the two attorneys and conflict of defendant culpability and defense strategies between defendants, it was decided to terminate both attorneys. Both lawyers were terminated for 'just cause.'" Doc. 219, p. 57.  Now, Petitioner seeks reconsideration because she believes the court missed the evidence of a "second 'hidden', plea opportunity" in her previous filings. Doc. 244, p. 1. Petitioner asserts that

> 2. On or about September 18, 2014 and October 31, 2014, Petitioner was provided with copies of emails and other communications and correspondence between attorneys Gary Fielder, Peter Gibbons, and Assistant U.S. Attorney Henry Z. Carbajal, III. Said documents are dated between April 2011 and December 2011.
>
> ....
>
> 4. Petitioner asserts that the documents previously submitted to the Court on or around October 2, 2104 and on or around November 6, 2014 chronicle a pattern and practice by both counsel for defendants, of negligence and abandonment, failure to prepare for plea bargaining, for possible trial, with disdain for Petitioner and her co-defendant husband and a total failure of the duty to advocate and defend by both Peter Gibbons and Gary Fielder.
>
> 5. Petitioner respectfully submits to the Court this Motion for RECONSIDERATION for acknowledgment of key evidence of a second 'hidden' plea opportunity [that] was overlooked.

Doc. 244, p. 3.

Rule 60(b) motions for reconsideration of Section 2255 habeas petitions raise questions of jurisdiction.  Such motions might be considered second or successive habeas petitions barred from consideration unless there is newly discovered evidence or a new rule of constitutional law made retroactively applicable. See 28 U.S.C. § 2255(h) and 28 U.S.C. 2244.  However, the U.S. Supreme Court has found that this bar does not apply when the grounds for reconsideration is that "a previous ruling which precluded a merits determination was in error--for example, a denial for such reasons as failure to exhaust, procedural default, or statute-of-limitations bar." Gonzalez v. Crosby, 545 U.S. 524, 532 n.4 (2005) (discussing the issue in the context of 28 U.S.C. § 2254). Petitioner's argument regarding the application of equitable tolling qualifies for this limited exception.  This court has jurisdiction to consider the motion for reconsideration.

Petitioner's motion is centered around records of email communications that took place between the attorneys in April to December 2011 have been reviewed. Doc. 222, pp. 16-58.  These

documents had been previously provided; Petitioner believes that the court overlooked their content in ruling that equitable tolling does not apply.  These records were reviewed in the preparation of the prior ruling and found to be largely irrelevant to the question of equitable tolling.  There is only one instance in which plea negotiations were mentioned.  On November 22, 2011, the attorneys had an email exchange in which all sides reconfirmed their prior understanding that the defendants were not looking for a plea deal.  This exchange was not an opening towards renewed negotiations but rather background information to defendants' motion to compel production of sentencing guideline information. Doc. 130.  Peter Gibbons wrote "Thank you for your message of yesterday afternoon regarding our motion for sentencing guideline information. Sorry I missed your call. I understand your confusion regarding a plea agreement. You are correct that the Bossinghams have expressed no interest in a plea agreement. However, the material we have requested in the motion is needed nevertheless" to which Henry Carbajal responded "As you made clear below, your clients are not requesting a plea agreement. Thus, there is no need for the government to express any opinion or position on sentencing at this time." Doc. 222, p. 47.  This colloquy does not suggest that a second plea agreement (or even negotiation) was offered.  Again, the evidence presented does not suggest that any relevant factual information was hidden from Petitioner until after her conviction became final.  Indeed Petitioner has alleged that this was only a part of a broader pattern of non-communication from her counsel that caused her to fire them before trial.  All of these problems were already known before the criminal trial took place; there is no basis for application of equitable tolling.  No certificate of appealability is granted.

## IV. Order

Petitioner's request for reconsideration is DENIED.

IT IS SO ORDERED.

Dated:   May 27, 2016                                   _____
                                                                                 SENIOR DISTRICT JUDGE

5